**XIANG DONG XIE, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 08–4148–ag.

United States Court of Appeals, Second Circuit.

Aug. 6, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as a respondent in this case.

Robert J. Adinolfi, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Jennifer Paisner Williams, Senior Litigation Counsel; Liza S. Murcia, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiang Dong Xie, a native and citizen of the People's Republic of China, seeks review of a July 28, 2008 order of the BIA, affirming the October 11, 2007 decision of Immigration Judge ("IJ") Noel Ferris denying his motion to reopen. *In re Xiang Dong Xie,* No. A073 132 621 (B.I.A. Jul. 28, 2008), *aff'g* No. A073 132 621 (Immig. Ct. N.Y. City Oct. 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Xie's untimely motion to reopen.

Xie argues that the BIA erred in concluding that he failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Further, we reject Xie's contention that the BIA abuses its discretion when it declines to consider evidence that is not in the record merely because it was in the record of a different case. Indeed, it was Xie's burden to present evidence to support his motion. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Nor will this Court remand for the agency to consider extra-record evidence. *Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269–70 (2d Cir.2007); *see also id.* at 262 (noting that the "regulations set forth procedures

to reopen a case before the BIA for the taking of additional evidence"). Xie filed his motion to reopen in August 2007, after this Court decided *Shou Yung Guo*, but he did not submit the so-called *Guo* documents with his motion to reopen. Accordingly, we cannot conclude that the BIA abused its discretion in declining to consider the *Guo* documents. *See id.* at 262.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).